Daniels v. Taylor.


## ATTACHMENT—NAMES—PLEADING—PROCESS.

[Hamilton (1st) Circuit Court, May, 1910.]

Giffen, Smith and Swing, JJ.

### M. S. DANIELS V. MITCHELL TAYLOR.

1. ATTACHMENT LIES AGAINST NONRESIDENT CORPORATION IN CIVIL ACTION FOR MONEY.

An action upon an account for the recovery of money is a civil action within the meaning of Sec. 11819 Gen. Code (R. S. 5521) upon which an attachment may issue against a nonresident corporation.

2. DESIGNATION BY INITIALS NOT GROUND TO SET ASIDE ATTACHMENT.

Attachment will not be set aside upon the ground that defendant has been sued by the initials of his Christian and middle names in conformity to Sec. 11259 Gen. Code (R. S. 5010) if such designation is that commonly used by him in business transactions, was the one by which he was commonly known and indicates who is meant thereby; in such case it is not necessary for the verification of the petition to allege that plaintiff could not discover the true name of defendant, nor that the summons contains the phrase "real name unknown."

3. DESCRIPTION OF ARTICLES ATTACHED NOT NECESSARY AS TO PERSONALTY.

A description of attached property is not necessary under Sec. 11295 Gen. Code (R. S. 5047), providing for constructive service by publication where the property attached is personalty. Hence, notice to defendant that personal property belonging to him has been attached and return disclosing "forty car loads of staves" levied upon are sufficient. *Green v. Coit*, 81 O. S. 280, distinguished.

ERROR to Hamilton common pleas court.

**Paxton, Warrington & Seasongood,** for plaintiff in error.

**Harmon, Colston, Goldsmith & Hoadly,** for defendant in error.

## SMITH, J.

The court is of the opinion that the judgment of the trial court overruling the motion of plaintiff in error to set aside the attachment issued in the above case should be affirmed.

The action is a civil action upon an account for the recovery of money, and the attachment was issued upon the ground that the defendant is a nonresident of the state of Ohio. We think the action as brought is within Sec. 11819 Gen. Code (R. S. 5521).

It is further claimed that the motion to set aside the attachment should have been granted for the reason that the defendant is sued as "M. S. Daniels," without stating in the verification of the petition that the plaintiff could not discover the true name of the defendant and that the summons did not contain the words "real name unknown."

### Hamilton County.

It is apparent that plaintiff in error was known to defendant in error in all his dealings as "M. S. Daniels," and so far as defendant in error is concerned the true name was as stated and his real name was not unknown to defendant in error. A name is a word to designate a person or thing; a man's name is the designation by which he is distinctly known in the community. 21 Enc. 305. It is the designation by which any individual is known, and in this case the defendant named "M. S. Daniels" is the same person intended to be sued and is sued, although his Christian name is "Morris." If initials have been commonly used by any individual in the transaction of his business affairs, and he has been commonly designated by such for his Christian and middle names, and they plainly indicate who is meant thereby, we see no reason why such individuals should not be so known. In this case the one who seeks to set aside the attachment is clearly the same person sued as "M. S. Daniels."

While Sec. 11259 Gen. Code (R. S. 5010) provides that parties to a written instrument by initial letter may be so designated in an action thereon, yet this section would not preclude the bringing of other actions against a defendant by using the initial letters of his Christian and middle names. To the plaintiff in this case the defendant's real name was not unknown, but his name was "M. S. Daniels."

We think the property attached is sufficiently described in the sheriff's return. *Green* v. *Coit,* 81 Ohio St. 280, we do not think is applicable to the case at bar; that case related to an attachment upon real estate and the return did not show the property attached. In the present case the return discloses that forty car loads of staves were attached, appraised and taken into possession by the sheriff of this county, who now holds the same, and they are the identical staves attached and no others, and their identity is always fixed.

For the same reason as above we think the attached property is sufficiently described in the service by publication. This sets forth that an attachment was issued and levied on personal property belonging to the defendant. Under Sec. 5047 Rev. Stat. (Gen. Code 11295) providing how publication shall be made in suits in attachment, we do not think it was necessary to give a description of the attached property, but if so, a notice to the defendant that personal property belonging to him has been attached, the kind of personal property can be readily ascertained by him by referring to the sheriff's return, said property being in the possession of the sheriff.

Daniels v. Taylor.

We think the return of the order of attachment is sufficient, both as to the date thereof as well as that the appraisers were disinterested freeholders. For the above reasons the judgment of the court below will be affirmed.

**Giffen** and **Swing, JJ.,** concur.